**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000158**
**27-DEC-2011**
**08:32 AM**

NO. CAAP-10-0000158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSEPH CALARRUDA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 06-1-1337)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)


Defendant-Appellant Joseph Calarruda (Calarruda) appeals from the Amended Judgment of Conviction and Sentence (Amended Judgment) filed on October 13, 2010, in the Circuit Court of the First Circuit (Circuit Court).[1/]

Plaintiff-Appellee State of Hawai'i (State) charged Calarruda with being a felon in possession of a firearm (Count I) and ammunition (Count II). A jury found Calarruda guilty as charged of both counts. The Circuit Court sentenced Calarruda on

----

[1/] The Honorable Richard K. Perkins presided over the proceedings relevant to this appeal.

each count to ten years of incarceration, with a mandatory minimum term of three years and four months as a repeat offender, and imposed the sentences to run concurrently. Calarruda's original judgment was entered on October 5, 2007. On appeal from the original judgment, this court concluded that there was sufficient evidence to support Calarruda's convictions. State v. Calarruda, No. 28880, slip op. at 2, 2009 WL 1060465, at *1 (Hawaiʻi App. April 21, 2009) (summary disposition order) (hereinafter, Calarruda I). We further concluded, however, that Calarruda could not be sentenced on both counts because multiple punishments were not authorized under the facts of the case. Id. at 2-3, 2009 WL 1060465, at *2. We vacated the original judgment and remanded the case "for dismissal of either Count I or Count II at the State's option, and for resentencing on the remaining count." Id. at 3, 2009 WL 1060465, at *2.

On remand, the Circuit Court, at the State's request, "took no further action" on Count II, and it resentenced Calarruda to ten years of incarceration with a mandatory minimum term of three years and four months on Count I. On October 13, 2010, the Circuit Court entered its Amended Judgment.

I.

On appeal, Calarruda argues that the Circuit Court abused its discretion in resentencing him to the same mandatory minimum term of three years and four months on Count I, instead of a reduced mandatory minimum term. In support of his argument, Calarruda asserts that "[t]he trial court employed a rigid refusal to consider the defendant's contentions" in resentencing him. We disagree with Calarruda's arguments, and we affirm his conviction and the sentence imposed on remand on Count I.

"A sentencing judge generally has broad discretion in imposing a sentence." State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006) (block quote format, brackets, and citation omitted). We review a court's sentencing decisions to determine "whether the court committed plain and manifest abuse

2

of discretion in its decision." Id. (block quote format and citation omitted).

Based on his conviction on Count I and his prior criminal history, Calarruda was subject to a mandatory minimum term of three years and four months as a repeat offender pursuant to Hawaii Revised Statutes (HRS) § 706-606.5(1) (Supp. 2006). Calarruda sought a reduction in his mandatory minimum term pursuant to HRS § 706-606.5(5) (Supp. 2006), which gave the Circuit Court discretionary authority to impose a reduced mandatory minimum term "where the court finds that strong mitigating circumstances warrant such action."

Our review of the record does not support Calarruda's claim that "[t]he trial court employed a rigid refusal to consider [Calarruda's] contentions." Instead, the record shows that the Circuit Court considered Calarruda's contentions but determined that they did not constitute strong mitigating circumstances warranting a reduction in his mandatory minimum term. See HRS § 706-606.5 (1), (5). Among other things, the Circuit Court's decision was supported by the circumstances underlying Calarruda's conviction on Count I and his prior criminal history. We conclude that the Circuit Court did not abuse its discretion in resentencing Calarruda to a mandatory minimum term of three years and four months on Count I.

We note that in Calarruda I, we remanded the case for dismissal of either Count I or Count II and for resentencing on the remaining count. The State did not file a motion for reconsideration of our decision in Calarruda I or apply for a writ of certiorari. On remand, the Circuit Court did not dismiss Count II, but, at the State's request, "took no further action" on Count II. We express no view on whether absent our remand instructions in Calarruda I, the Circuit Court's "take no further action" remedy would have been a permissible response to the multiple punishment issue. However, the Circuit Court's actions did not comply with our remand instructions in Calarruda I.

3

II.

We affirm Calarruda's Count I conviction and the sentence imposed by the Circuit Court on Count I. We remand the case with instructions that the Circuit Court dismiss Count II and enter an amended judgment which reflects that dismissal.

DATED: Honolulu, Hawai'i, December 27, 2011.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M Reifurth*
Associate Judge